# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO.** 3:19 cr151-RJC |
| | ) | |
| | ) | **BILL OF INDICTMENT** |
| **vs.** | ) | |
| | ) | **Violations:**       18 U.S.C. § 1951 |
| | ) |                  18 U.S.C. § 922(g)(1) |
| | ) |                  18 U.S.C. § 924(c) |
| **JANGO OMAR TOURAY** | ) | |
| | ) | |

## THE GRAND JURY CHARGES:

### INTRODUCTION

At all times material to this Bill of Indictment, Cash America Pawn was a business engaged in commercial activities in the Western District of North Carolina and elsewhere, in and affecting commerce. Cash America Pawn is a name brand of Cash America International, Inc., which provides specialty financial services to individuals in the United States at more than 900 locations in 20 states. Cash America International, Inc. is headquartered in Fort Worth, Texas. The Cash America Pawn store located at ~~$200~~ 4635 North Tryon Street, Charlotte, North Carolina, is in the business of offering pawn loans and cash advances in and affecting commerce.

In addition, at all times material to this Bill of Indictment, Elite Imports was a car sales business engaged in commercial activities in the Western District of North Carolina and elsewhere, in and affecting commerce. More specifically, Elite Imports was in the business of selling used luxury motor vehicles; many of which were not manufactured in North Carolina.

### COUNT ONE
*(Hobbs Act Robbery - Interference with Commerce by Robbery)*

The Grand Jury realleges and incorporates herein the Introduction to this Bill of Indictment.

On or about February 11, 2019, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### JANGO OMAR TOURAY,

did knowingly and unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did knowingly and unlawfully take and obtain United States currency

and jewelry belonging to the Cash America Pawn store, located at 4635 North Tryon Street, Charlotte, North Carolina, from the person and presence of an employee of said Cash America Pawn store, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury to the employee's person.

All in violation of Title 18, United States Code, Sections 1951.

## COUNT TWO
*(Possession of Firearm in Furtherance of a Crime of Violence)*

On or about February 11, 2019, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

## JANGO OMAR TOURAY,

during and in relation to a crime of violence, that is, Hobbs Act Robbery, a violation of Title 18 United States Code, Section 1951, as set forth in Count One of this Indictment, for which the defendant may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry a firearm, to wit, a handgun, and in furtherance of such crime of violence, did possess said firearm.

It is further alleged that said firearm was brandished in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Section 924(c).

## COUNT THREE
*(Possession of a Firearm by a Convicted Felon)*

On or about February 11, 2019, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

## JANGO OMAR TOURAY,

having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, that is, a Ruger model P94 pistol, in and affecting commerce, in violation of Title, 18 United States Code, Section 922(g)(1).

## COUNT FOUR
### *(Hobbs Act Robbery - Interference with Commerce by Robbery)*

The Grand Jury realleges and incorporates herein the Introduction to this Bill of Indictment.

On or about February 8, 2019, in Mecklenburg County, within the Western District of North Carolina, the defendant,

### JANGO OMAR TOURAY,

did knowingly and unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did knowingly and unlawfully take and obtain a Maserati vehicle belonging to the Elite Imports business, located at 3330 North Tryon Street, Charlotte, North Carolina, from the person and presence of an employee of said Elite Imports business, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury to the employee's person.

All in violation of Title 18, United States Code, Section 1951.

## COUNT FIVE
### *(Possession of Firearm in Furtherance of a Crime of Violence)*

On or about February 8, 2019, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

### JANGO OMAR TOURAY,

during and in relation to a crime of violence, that is, Hobbs Act Robbery, a violation of Title 18 United States Code, Section 1951, as set forth in Count Four of this Indictment, for which the defendant may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry a firearm, and in furtherance of such crime of violence, did possess said firearm.

It is further alleged that said firearm was brandished in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Section 924(c).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of the provisions of 18 U.S.C. §§ 982 and 924, and 28 U.S.C. § 2461(c).   Under § 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by § 981(a)(1)(C).   The following property is subject to forfeiture in accordance with section 982, 924, and/or 2461(c):

    a.    all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the violations alleged in this bill of indictment;

    b.    all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations;

    c.    all property involved in such violations; and

    d.    in the event that any property described in (a), (b), or (c) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendants, to the extent of the value of the property described in (a), (b), and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds identified above:

    (a)    U.S. currency, miscellaneous items of jewelry, and one Ruger P94 pistol seized on or about February 11, 2019, during the apprehension of Defendant

A TRUE BILL

████████████

FOREPERSON

R. ANDREW MURRAY
UNITED STATES ATTORNEY

WILLIAM T. BOZIN
ASSISTANT UNITED STATES ATTORNEY