IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-00151-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| JANGO OMAR TOURAY ) | |
| ) | |

**THIS MATTER** is before the Court sua sponte.

The defendant appeared before the Court on August 11, 2021, for a sentencing hearing represented by his fourth appointed lawyer. Counsel informed the Court that his relationship with the defendant had deteriorated, with the defendant questioning his guilty plea and counsel requesting a competency evaluation. The Court found that the defendant had knowingly and voluntarily entered his plea and that there were insufficient grounds to have the defendant examined.

Counsel then related the defendant's desire for new appointed counsel. Shortly before the sentencing hearing, a magistrate judge had determined there were no grounds to appoint yet another lawyer, finding instead that the defendant engaged in demanding and difficult behavior. (Minute Order, July 28, 2021). Accordingly, the Court offered the defendant the choice of representing himself or having current counsel represent him. The Court cautioned the defendant about the risks of representing himself and informed him of the opportunity to address

the Court personally in allocution.  The defendant, however, would not answer the question of whether he wanted counsel or self-representation.  The Court treated his non-answer as a request to represent himself and proceeded with the hearing.  When the defendant stated counsel had not reviewed the Presentence Report with him, the Court continued the hearing for at least 30 days so that he could prepare to represent himself.

The United States Court of Appeals for the Fourth Circuit recently summarized a defendant's right to counsel or self-representation:

> The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to … have the Assistance of Counsel for his defence." U.S. Const. amend. VI. That right includes the right to waive counsel and to represent oneself. Faretta v. California, 422 U.S. 806, 834-36, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975). But the decision to relinquish the right to counsel must be made "knowingly and intelligently." Id. at 835, 95 S. Ct. 2525.

United States v. Roof, --- F.4th --- (4th Cir. 2021).  An effective assertion of the right to self-representation must be clear and unequivocal, not presumed from a defendant's vacillation or manipulation. United States v. Ductan, 800 F.3d 642, 650 (4th Cir. 2015).   Thus, representation by counsel is the "default position" absent an unmistakable expression by the defendant to the contrary. Id.   Upon reflection, the defendant's failure to answer the Court's question regarding waiver of the right to counsel is not a clear, unequivocal assertion of the right to self-representation.

**IT IS, THEREFORE, ORDERED** that the defendant's pro se status is **VACATED** and appointed counsel will move from stand-by to primary representation of the defendant before this Court.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: September 2, 2021

Robert J. Conrad, Jr.
United States District Judge