IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00151-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JANGO OMAR TOURAY | ) | |
| | ) | |

THIS MATTER is before the Court on the defendant's Motion to Withdraw Plea, (Doc. No. 45), and the government's Response, (Doc. No. 51). For the reasons stated below, the Court will deny the motion.

I. PROCEDURAL HISTORY

The grand jury charged the defendant with robbing a Cash America Pawn Store of cash and jewelry on February 11, 2019, (Count One), brandishing a firearm during and in relation to that crime of violence, (Count Two), and possessing a firearm as a felon, (Count Three). (Doc. No. 1: Indictment at 1-2). He was also charged with robbing Elite Imports of a Maserati vehicle on February 8, 2019, (Count Four), and brandishing a firearm during and in relation to that crime of violence, (Count Five). (Id. at 4).

At an initial appearance on June 24, 2019, a magistrate judge appointed counsel from the Federal Public Defender's Office to represent the defendant. (Oral Order, June 24, 2021). This Court later granted counsel's motion to continue the trial from the August 2019 term. (Oral Order, July 29, 2019). Counsel moved to continue the trial from the October 2019 term based on her leaving for temporary

duty at the Administrative Office and reassignment of the case to another attorney, which the Court granted. (Doc. No. 13: Motion; Doc. No. 14: Order). Assistant Federal Public Defender Erin Taylor entered her appearance on September 16, 2019.

On November 8, 2019, Ms. Taylor moved for a third continuance from the December 2019 trial term, stating additional time was necessary to investigate the case and advise the defendant. (Doc. No. 15). The Court disagreed and found that counsel could be prepared for trial in December. (Doc. No. 16: Order at 1). Within a week of that ruling, the defendant entered a Plea Agreement and Factual Basis, admitting guilt to Counts One, Two, and Four, in exchange for the dismissal of Counts Three and Five. (Doc. Nos. 17, 18).

On November 26, 2019, the defendant entered his guilty plea before a magistrate judge. He took an oath to respond truthfully to the court's questions. (Doc. No. 31: Rule 11 Hr'g Tr. at 2). The defendant affirmed that, after consulting with his attorney, he wanted the court to accept his guilty plea to the three counts. (Id.). The defendant affirmed that he had discussed the contents of the indictment with his attorney. (Id. at 3). After the government summarized the charges and potential penalties, the defendant affirmed that he fully understood the charges against him. (Id. at 3-4). The magistrate judge properly advised the defendant of his trial rights and sentencing implications according Rule 11(b)(1) of the Federal Rules of Criminal Procedure. (Id. at 4-7).

2

The defendant waived his trial rights and admitted that he was in fact guilty of the three counts in the indictment. (Id. at 7). The government explained the terms of the plea agreement, including the defendant's stipulation of a factual basis for the plea and his waiver of the right to withdraw the plea once accepted by the magistrate judge. (Id. at 9-10; Doc. No. 17: Plea Agreement ¶¶ 11, 13). The defendant acknowledged his agreement with the government's summary. (Id. at 10). Additionally, he affirmed that he read, understood, and agreed with the Factual Basis document. (Id. at 12). The defendant affirmed that he had enough time to discuss possible defenses with his current attorney, that Ms. Taylor had done a good job, that he was satisfied with her services, and that he had nothing else to say about her services. (Id. at 12-13). Ms. Taylor informed the court that she had reviewed the plea agreement with the defendant and that she was satisfied that he understood its terms. (Id. at 14).

The magistrate judge found that the defendant's plea was knowingly and voluntarily made, with understanding of the charges, potential penalties, and consequences of the plea, and was supported by an independent basis in fact. (Id.; Doc. No. 19: Entry and Acceptance of Guilty Plea at 4). Accordingly, the magistrate judge accepted the plea, (Id.), and the defendant never objected to that finding.

Seven months later, after the filing of the final Presentence Report (PSR), the defendant wrote the Court a letter accusing Ms. Taylor of lying to him about the facts of his case and not advising him properly on "critical information." (Doc. No. 26). A magistrate judge held a hearing on July 8, 2020, and ordered that new

3

counsel be appointed based on the total breakdown of the attorney-client relationship. (Oral Order, July 8, 2020).

Jeremy Smith was appointed to represent the defendant. (CJA 20, July 9, 2020). On December 1, 2020, he moved to continue the sentencing hearing scheduled for December 17, 2020, explaining that additional time was required to review discovery with the defendant, that jail visitation was affected by the COVID-19 pandemic, and that the defendant had expressed "potential concern" about the Rule 11 hearing and his former counsel's representation. (Doc. No. 29: Motion). The Court granted the motion. (Doc. No. 30: Order). Mr. Smith moved to continue the sentencing hearing re-scheduled for January 26, 2021, based on needing more time to review the Rule 11 hearing transcript for potential issues, his own family-caretaking responsibilities, and the inability to meet with the defendant, who was in COVID-19 quarantine at the jail. (Doc. No. 32: Motion). The Court granted the motion. (Doc. No. 33: Order).

On March 2, 2021, the defendant wrote the Court claiming that Mr. Smith was not meeting with him and asking for a new lawyer. (Doc. No. 34). At a hearing before a magistrate judge, counsel informed the court that he had an ethical need to withdraw based on positions the defendant wanted him to take.[1] The magistrate judge found that the attorney-client relationship was mortally wounded and that Mr. Smith had appropriate reasons to withdraw under the North Carolina Rules of

---

[1] This hearing has not been transcribed, but the Court has reviewed a recording of the proceedings. (Doc. No. 35: Courtroom Recording).

4

Professional Conduct; therefore, the magistrate judge reluctantly appointed new counsel. (Oral Order, March 30, 2021).

Current counsel, S. Frederick Winiker, III, was appointed to represent the defendant. (CJA 20, Apr. 14, 2021). On July 21, 2021, this Court re-scheduled the sentencing hearing for August 11, 2021. On July 23, 2021, Mr. Winiker filed a Motion for Inquiry as to Status of Counsel relaying the defendant's request that he withdraw based on counsel's alleged inaccurate advice, not reviewing all aspects of the case, not spending adequate time on the matter, and not possessing the knowledge to represent him zealously. (Doc. No. 36). After a hearing, the magistrate judge declined to appoint new counsel, finding that Mr. Winiker is an experienced member of the CJA Panel ready to continue in the case and that some of the issues are a result of the defendant's demanding and difficult behavior. (Minute Order, July 28, 2021).

Counsel moved to continue the August 11, 2021, sentencing hearing, citing the need for additional time to resolve a potentially dispositive motion, (Doc. No. 37), which the Court denied, (Doc. No. 38: Order). On the same day, the defendant wrote a letter to the Court alleging "corruption" in his case, expressing his feeling of "fighting alone," and his "firing" of Mr. Winiker. (Doc. No. 39). At the sentencing hearing, the Court denied counsel's ex parte motion to continue, finding there was no basis for a competency evaluation, and denied the defendant's oral motion to withdraw his plea, finding it was entered knowingly and voluntarily. The Court advised the defendant about his opportunity to represent himself, but he did not

5

waive representation by counsel. However, because the defendant claimed counsel had not reviewed the PSR with him, the Court continued the sentencing hearing.

The instant motion followed.

II. LEGAL DISCUSSION

The defendant acknowledges his burden to show a "fair and just reason" for withdrawing his guilty plea.[2] (Doc. No. 45: Motion at 9); Fed. R. Crim. P. 11(d)(2)(B). Courts typically consider a variety of factors in determining whether a defendant has met this burden, including: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Here, the defendant contends that his plea was not knowing and voluntary because Ms. Taylor had not conducted the necessary review of his case. (Doc. No. 45: Motion at 3). He also alleges misconduct by the police during the investigation. (Id.).

---

[2] As detailed above, the defendant waived "any right to withdraw the plea once the Magistrate Judge has accepted it." (Doc. No. 17: Plea Agreement ¶ 13). However, the government has not asserted the waiver as a defense, (Doc. No. 51: Response); therefore, the Court will address the merits of the motion.

6

It is well-settled that magistrate judges may conduct Rule 11 proceedings and accept guilty pleas with a defendant's consent. United States v. Benton, 523 F.3d 424, 431–33 (4th Cir. 2008). "[A]n appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996). Statements made by a defendant during the course of such a proceeding may not ordinarily be repudiated. Id. at 1308. In fact, a strong presumption of veracity attaches to a defendant's declarations made in open court. United States v. Morrow, 914 F.2d 608, 614 (4th Cir. 1990).

On the day of his guilty plea in this case, the defendant informed the magistrate judge that he had discussed his indictment with his attorney and understood the charges. (Doc. No. 31: Rule 11 Hr'g Tr. at 3-4). He affirmed that he had spoken to his attorney about how the U.S. Sentencing Guidelines might apply to his case. (Id. at 4-5). He admitted under oath that he was, in fact, guilty of the charges against him. (Id. at 7-8). He stipulated that the Factual Basis, (Doc. No. 18), was accurate and could be used by the Court without objection, except for the loss amount in the Cash America robbery. (Id. at 9, 12). The defendant testified that he had enough time to discuss any possible defenses with his attorney and that he was satisfied with her services. (Id. at 12). Indeed, he said she had done a good job. (Id. at 13).

Seven months after his plea was accepted by the magistrate judge, the defendant accused his counsel of lying to him about the facts of his case and failing to properly advise him about critical information. (Doc. No. 26: Pro Se Motion for Inquiry of Counsel). The Court finds that these late, conclusory complaints about former counsel's performance are insufficient to repudiate his sworn testimony before the magistrate judge that established that his guilty plea was knowing and voluntary. Therefore, the defendant's claim based on former counsel's performance is without merit, and the close assistance of competent counsel weighs against granting the motion.

Additionally, the defendant has failed to assert credibly his legal innocence. Moore, 931 F.2d at 248. He attempts to make an issue of variation in eyewitness descriptions of the robbery suspect's dreadlocks, (Doc. No. 45: Motion at 3, 7-8); yet, he was pursued by police in the stolen Maserati, which contained a bag with the defendant's identification and jewelry from the Cash America Pawn Shop, (Doc. No. 18: Factual Basis ¶¶ 2-4). Accordingly, such a trivial issue of the length and thickness of his dreadlocks does not repudiate the defendant's admission of guilt. He also accuses the police planting a GPS tracker at the scene of his apprehension because its IMEI allegedly does not match a tracking report and because of different reports about where a pawn shop employee placed the tracker during the robbery. (Doc. No. 45: Motion at 3-7). The government's Response clarifies that not one, but three GPS trackers were activated among the currency and jewelry stolen during the robbery, easily explaining the different locations of their placement. (Doc. No. 51

8

at 10-11). The tracker the defendant claims was planted by police, (Doc. No. 45-5: Photograph), bears an IMEI matching one of the tracking reports provided by the pawn shop's security company, (Doc. No. 51-2). Accordingly, the Court finds that the defendant's assertions of legal innocence are not credible in light of his sworn admissions of guilt and information in the record.

Consideration of the other factors detailed in Moore further confirms the defendant has failed to establish a fair and just reason for withdrawal of his guilty plea. One of the factors is whether there has been a delay between the entering of the plea and the filing of the motion. Moore, 931 F.2d at 248. As detailed above, the defendant waited seven months after acceptance of his guilty plea to complain about his former counsel. (Doc. No. 26: Pro Se Motion for Inquiry of Counsel). In Moore, the Fourth Circuit found a six-week delay to be too lengthy. 931 F.2d at 248. Thus, this factor of delay weighs against granting his request.

The final factors to consider are whether withdrawal will cause prejudice to the government, and whether it will inconvenience the Court and waste judicial resources. Moore, 931 F.2d at 248. There is no direct proof of actual prejudice to the government, but the Court recognizes the potential prejudice to the government if the defendant were allowed to withdraw his plea and the case were set for trial after a two-year delay from the entry of his plea. Additionally, the court system has a strong interest in judicial economy. Wilson, 81 F.3d at 1306. Significant resources have already been expended on the defendant's case, including the serial appointment of four lawyers. Further, because the defendant does not credibly

contest his guilt, allowing him to withdraw his plea and sending the case to trial would be a waste of judicial resources.

Thus, all the factors recognized by the Fourth Circuit in <u>Moore</u> weigh against the defendant's request to withdraw his plea.

III. CONCLUSION

A proper Rule 11 hearing was conducted in this case, during which the defendant testified under oath that he was guilty of the charges against him and that he was satisfied with his attorney. Seven months later, the defendant first claimed that his former counsel lied to him and misadvised him and that police acted corruptly. Based on review of the record in this case, the Court finds that the defendant's claims are not credible. The Court further finds that the defendant has failed to establish a fair and just reason to justify withdrawal of his guilty plea.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Withdraw Guilty Plea, (Doc. No. 45), is **DENIED**.

Signed: November 23, 2021

_____
Robert J. Conrad, Jr.
United States District Judge